# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2.  You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.  You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _____ , you must pay the filing fee.

7.  In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.  When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

    > Clerk, United States District Court for
    > Address
    > City, State Zip Code

9.  **CAUTION:** **You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES:** **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

✎AO 241                                                                                                    Page 2
(Rev. 10/07)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Eastern District of Louisiana |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|
| State of Louisiana v. Darnay Thibodaux | 543638-1 |

| Place of Confinement : N/A: On Probation (Previously Confined at Louisiana Transitional Center for Women) | Prisoner No.: |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| Darnay Thibodaux | v. Jon Reeves, District Administrator; Lauren Skiles, Probation Officer |

| The Attorney General of the State of   Louisiana |
|---|

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana; 701 N. Columbia St., Covington, Louisiana 70433.

    (b) Criminal docket or case number (if you know):     543638-1

2.  (a) Date of the judgment of conviction (if you know):   12/17/2014

    (b) Date of sentencing:     1/29/2015

3.  Length of sentence:     10 years (5 years suspended); 5 years probation upon release.

4.  In this case, were you convicted on more than one count or of more than one crime?     ☑ Yes     ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:
    La. R.S. 14:93.4, Exploitation of the Infirmed.

6.  (a) What was your plea? (Check one)

    ☐ (1)   Not guilty          ☐ (3)   Nolo contendere (no contest)

    ☑ (2)   Guilty              ☐ (4)   Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☑  Jury      ☐  Judge only

7.      Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐  Yes      ☑  No

8.      Did you appeal from the judgment of conviction?

☐  Yes      ☑  No

9.      If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?      ☐  Yes      ☐  No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241
(Rev. 10/07)

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☑ Yes  ☐ No

11.  If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court:  22nd Judicial District Court, Parish of St. Tammany, State of Louisiana

(2) Docket or case number (if you know):  543638-1

(3) Date of filing (if you know):  1/9/2015

(4) Nature of the proceeding:  Motion to Withdraw Guilty Plea/Dismiss Indictment

(5) Grounds raised:
Guilty Plea was wrongfully coerced by virtue of violation of 6th Amendment, Cumpulsory Process Clause.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☑ Yes  ☐ No

(7) Result:  Motion was denied.

(8) Date of result (if you know):  1/29/2015

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:    22nd Judicial District Court, Parish of St. Tammany, State of Louisiana

    (2) Docket or case number (if you know):    543638-1

    (3) Date of filing (if you know):    7/27/2016

    (4) Nature of the proceeding:    Petition for Post Conviction Relief

    (5) Grounds raised:

        I.  Violation of the Due Process Clause:  Submission by prosecution of false evidence and testimony that the purported victim was not mentally competent to authorize the transactions made by petitioner on his behalf or to testify on petitioner's behalf.
        II.  Violation of the Compulsory Process Clause:  The State, in conjunction and coordination with the nephews of the purported victim, falsely asserted that the purported victim was not mentally competent to testify on petitioner's behalf, thereby depriving petitioner of his favorable testimony.
        III.  Violation of the Due Process Clause:  Destruction/concealment of further exculpatory evidence in the form of exculpatory statement made by the purported victim to the investigating officer regarding his authorization of transactions in petitioner's case.
        IV.  Criminal Statute Unconstitutional as Applied:  Based on State's assertion; State should not have been able to maintain a prosecution because it could not prove that petitioner was not authorized to make transactions on the purported victim's behalf.

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❏  Yes    ☑  No

    (7) Result:    Petition Denied

    (8) Date of result (if you know):    2/23/2017

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐  Yes    ☐  No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1)  First petition:    ☑ Yes    ☐  No

(2)  Second petition:   ☐  Yes    ☐  No

(3)  Third petition:    ☐  Yes    ☐  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**
Petitioner is actually innocent of all charges in this matter to which she has pled guilty.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
[see attached]

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241
(Rev. 10/07)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐  Yes     ☑  No

(2) If you did not raise this issue in your direct appeal, explain why:
No direct appeal afforded due to unconstitutionally coerced guilty plea.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑  Yes     ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:          Petition for Post Conviction Relief under La. C. Cr. P. Articles 926, et seq.

Name and location of the court where the motion or petition was filed:
22nd Judicial District Court for the Parish of St. Tammany located in Covington, Louisiana

Docket or case number (if you know):     Docket No. 543638-1

Date of the court's decision:     2/23/2017

Result (attach a copy of the court's opinion or order, if available):
Was not addressed by the District Court as a specific claim of actual innocence (or factual innocence
not established by subsequent DNA evidence) is not a recognized ground for post conviction relief in
Louisiana under La. C. Cr. P. Articles 926, et seq. District Court implicitly rejected petitioner's claims of
actual innocence pervasive throughout her petition, by virtue of denial of plaintiff's petition as a whole.

(3) Did you receive a hearing on your motion or petition?          ☐  Yes     ☑  No

(4) Did you appeal from the denial of your motion or petition?          ☑  Yes     ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐  Yes     ☑  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):



(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
The specific claim of actual innocence (or factual innocence not established by subsequent DNA
evidence) is not a recognized ground for post conviction relief in Louisiana under La. C. Cr. P. Articles
926, et seq.  Actual innocence was addressed in petitioner's supervisory writ application to the
Louisiana First Circuit Court of Appeals, and was implicitly argued in other assignments of error, but
was not specifically raised as its own assignment of error.

AO 241
(Rev. 10/07)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:**
Violation of 5th and 14th Amendment Due Process Clauses:  Petitioner's guilty plea was unconstitutionally
coerced by State's submission of false evidence and testimony pertaining to purported victim's transactional and
testimonial mental competence.
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

[see attached]

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)      **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐  Yes     ☑  No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:
No direct appeal afforded due to unconstitutionally coerced guilty plea.

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑   Yes     ☐   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:        Petition for Post Conviction Relief under La. C. Cr. P. Articles 926, et seq.

Name and location of the court where the motion or petition was filed:
22nd Judicial District Court for the Parish of St. Tammany located in Covington, Louisiana.

Docket or case number (if you know):     Docket No. 543638-1

Date of the court's decision:      2/23/2017

Result (attach a copy of the court's opinion or order, if available):

Claim Denied.  The District Court accepted the State's explanation that the purported victim was only intermittently incompetent (incompetent with "lucid intervals") and petitioner failed to produce sufficient evidence to disprove State's position.

(3) Did you receive a hearing on your motion or petition?      ☐  Yes    ☑  No

(4) Did you appeal from the denial of your motion or petition?   ☑  Yes    ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑  Yes    ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
  Louisiana First Circuit Court of Appeals

Docket or case number (if you know):    2017 KW 0736

Date of the court's decision:    7/24/2017

Result (attach a copy of the court's opinion or order, if available):
  Writ Denied without comment.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**
Violation of 6th Amendment Compulsory Process Clause:  Petitioner's guilty plea was unconstitutionally coerced by the State's false assertion that the purported victim was not mentally competent to testify on petitioner's behalf, thereby depriving petitioner of his favorable testimony.
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

[see attached]

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

No direct appeal afforded due to unconstitutionally coerced guilty plea.  Also, issue did not ripen until the State answered petitioner's petition for post conviction relief.

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:        Petition for Post Conviction Relief under La. C. Cr. P. Articles 926, et seq.

Name and location of the court where the motion or petition was filed:

22nd Judicial District Court for the Parish of St. Tammany located in Covington, Louisiana.

Docket or case number (if you know):     Docket No. 543638-1

Date of the court's decision:     2/23/2017

Result (attach a copy of the court's opinion or order, if available):

Claim Denied.  The District Court cited a joint motion between the petitioner and the State to exclude the purported victim's testimony on the basis of mental incompetence and effectively ruled that, despite relying upon the State's fraudulent assertions regarding competence, any such challenge was waived by petitioner.

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☑ No

(4) Did you appeal from the denial of your motion or petition?     ☑ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☑ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Louisiana First Circuit Court of Appeals

Docket or case number (if you know):     2017 KW 0736

Date of the court's decision:     7/24/2017

Result (attach a copy of the court's opinion or order, if available):

Writ Denied without comment.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**
Violation of 5th and 14th Amendment Due Process Clauses: False assertion by the State, during post conviction relief proceedings, that it's position throughout the criminal proceedings was that the purported victim was only intermittently incompetent (incompetent with "lucid intervals").
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐  Yes   ☑  No

(2) If you did not raise this issue in your direct appeal, explain why:
No direct appeal afforded due to unconstitutionally coerced guilty plea.  Also, issue did not arise until after the filing, and during the pendency, of the post conviction relief proceedings.

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑  Yes   ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:        Petition for Post Conviction Relief under La. C. Cr. P. Articles 926, et seq.

Name and location of the court where the motion or petition was filed:

22nd Judicial District Court for the State of Louisiana

Docket or case number (if you know):    543638-1

Date of the court's decision:    2/23/2017

Result (attach a copy of the court's opinion or order, if available):

The District Court rejected petitioner's raising of this issue in its denial of Claim I of petitioner's post conviction relief petition, accepting the State's position that it had always maintained that purported victim was only intermittently incompetent (incompetent with "lucid intervals") and that petitioner failed to produce sufficient evidence to disprove State's position.

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Louisiana First Circuit Court of Appeals

Docket or case number (if you know):    2017 KW 0736

Date of the court's decision:    7/24/2017

Result (attach a copy of the court's opinion or order, if available):

Writ Denied without comment.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

13.   Please answer these additional questions about the petition you are filing:

    (a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☐ Yes   ☑ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

            The claim of actual innocence in Ground One (or factual innocence not established by subsequent DNA evidence) is not a recognized ground for post conviction relief in Louisiana under La. C. Cr. P. Articles 926, et seq.  Actual innocence was addressed in petitioner's appeals to the Louisiana First Circuit Court of Appeals and the Supreme Court, and was implicitly argued in other assignments of error, but was not specifically raised as its own assignment of error on appeal.

    (b)   Is there any ground in this petition that has not been presented in some state or federal court?  If so, ground or grounds have not been presented, and state your reasons for not presenting them:

            The claim of actual innocence in Ground One (or factual innocence not established by subsequent DNA evidence) is not a recognized ground for post conviction relief in Louisiana under La. C. Cr. P. Articles 926, et seq.  Actual innocence was addressed in the petition for post conviction relief, and was implicitly argued therein, but was not explicitly raised as its a specific claim for relief.

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☑ No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

Mr. Roy K. Burns

(b) At arraignment and plea:

Mr. Roy K. Burns

(c) At trial:

Mr. Roy K. Burns, Mr. Claiborne W. Brown

(d) At sentencing:

Mr. Claiborne W. Brown

(e) On appeal:

n/a

(f) In any post-conviction proceeding:

Mr. Claiborne W. Brown

(g) On appeal from any ruling against you in a post-conviction proceeding:

Mr. Claiborne W. Brown

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes    ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Due to her guilty plea, petitioner's conviction became final on December 17, 2014. Petitioner's post conviction relief petition, filed under La. C. Cr. P. Articles 926, et seq., was filed timely on July 27, 2016. The post conviction relief petition was pending through January 18, 2019. Despite being more than one year between December 17, 2014 and the July 27, 2016 filing of the post conviction relief petition, petitioner's habeas corpus relief petition is not barred by 28 U.S.C. 2244(d), for the following reasons:

✎AO 241
(Rev. 10/07)

(1)    Ground No. 1 is based on actual innocence of petitioner and is not barred by 28 U.S.C. 2244(d) under the U.S. Supreme Court case of McQuiggin v. Perkins, 569 U.S. 383 (2013).

(2)    Grounds Nos. 2, 3, and 6 are not barred by 28 U.S.C. 2244(d) due to the application of the doctrine of Federal doctrine of Equitable Tolling (and the Louisiana doctrine of Contra Non Valentem).

(3)    Grounds Nos. 4 and 5 are not barred by the application of 28 U.S.C. 2244(d)(1)(D).


[see attached, Section (I) for further explanation.]

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.    § 2244(d) provides in part that:

   (1)      A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

            (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

            (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

            (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

            (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

✎AO 241
(Rev. 10/07)

(2)      The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:
That petitioner's guilty plea and conviction of December 17, 2014, and the sentence imposed pursuant thereto
on January 29, 2015, be vacated.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____   (month, date, year).

Executed (signed) on          3/6/2019          (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.