1          TWENTY-SECOND JUDICIAL DISTRICT COURT

2                 PARISH OF ST. TAMMANY

3                  STATE OF LOUISIANA

4

5

6    STATE OF LOUISIANA

7    VERSUS

8    CALVIN R. THIBODEAUX, JR.    NO. 538643
     DARNAY LYNN THIBODEAUX       NO. 538643-1

9

10

11

12   * * * * * * * * * * * * * * * * * * * * * * * *

13

14

15        TRANSCRIPT OF PROCEEDINGS taken before the
     Honorable Richard A. Swartz, Jr., Judge Presiding,
     Division "C", Twenty-Second Judicial District Court,
16   Parish of St. Tammany, State of Louisiana, on the
     12th day of December, 2013, in Covington, Louisiana.

17

18

19

     APPEARANCES:
20

21        JONATHAN BLAKE, ESQ.
          (ATTORNEY GENERAL'S OFFICE)
22

23        ROY K. BURNS, JR., ESQ.
          (ATTORNEY FOR THE DEFENDANTS)
24

25

26

27

28   REPORTED BY:

29
          Mary Broom Gressaffa, RPR, CCR
30        Official Court Reporter
          Certificate No. 93016
31

32

1

HC 11

1    THE COURT:

2          Let's skip up to 37 and 38, *State of*

3    *Louisiana versus Calvin Thibodeaux and*

4    *Darnay Thibodeaux.*

5    MR. CUCCIA:

6          Yes, Your Honor.

7    MR. BLAKE:

8          May it please the Court, John Blake,

9    on behalf of the Attorney General's

10    Office.

11    MR. BURNS:

12          Roy K. Burns, Jr.

13          I represent Calvin and Darnay

14    Thibodeaux, who are present in open court

15    today.

16    THE COURT:

17          We have a number of motions on the

18    docket.  Let's start with the Motion to

19    Quash.

20    MR. BURNS:

21          Yes.  May it please the Court,

22    that's the motion of the defendant in that

23    particular matter.

24          The sum and substance of that

25    matter, Judge, is I'd ask for the Court to

26    take judicial notice of the Bill of

27    Information in this particular matter.

28    I'd also ask the Court to look at the

29    statute that my client is charged with.

30    That would be Title 14:93.4, exploitation

31    of the infirmed.  Count No. 1 is brought

32    under that statute, being (A)(1).

1    In the Bill of Information, Judge, I
2    don't believe that that, as it is written,
3    constitutes a crime.  I'd ask the Court to
4    look at the statutory language that talks
5    about that the actions of the defendant
6    were without the expressed voluntary
7    consent of the resident and/or the
8    infirmed person by means of fraudulent
9    conduct and practices.  What is not
10   contained in the Bill of Information is a
11   statutory defense, which the State knows
12   that we have.  We would believe that, by
13   simple amendment, the State of Louisiana
14   should provide that if you are going to
15   read that to the jury at the opening of
16   the case, it would be misleading because
17   we have a statutory defense; we have an
18   expressed voluntary consent of the
19   residents, which the State knows about,
20   dealing with several powers of attorneys.
21   So we would think it would be confusing to
22   the jury in the first instance and could
23   be clearly fixed by simple amendment.  And
24   as it is charged it does not constitute a
25   crime.
26   MR. BLAKE:
27        Well, Judge, it actually does
28   constitute a crime.  As I indicated in
29   chambers, Your Honor, if you look at the
30   statute where it says the -- in pertinent
31   part, without the expressed voluntary
32   consent of the resident or the consent of

3

1       the legally authorized representative of

2       an incompetent resident, or by means of

3       fraudulent conduct, practices, or

4       representations.  That is clearly in Count

5       1 of the Bill of Information, Your Honor.

6       So I don't see how that's misleading

7       because the gist of the statute is still

8       there.

9          As I stated before, Your Honor, the

10      State has the right to prosecute who it

11      wants, when it wants, and how it wants,

12      Your Honer.  And that's the theory that

13      the State is choosing to prosecute these

14      two defendants for.  So it's my position

15      that Mr. Burns' Motion to Quash should be

16      denied.

17   THE COURT:

18          And the Court has reviewed the law

19      in connection with this matter, finds that

20      a Motion to Quash this Bill of Information

21      for those reasons does not lie.  And, in

22      particular, the Bill of Information places

23      the defendants on notice as to the charges

24      against them and the violation of law that

25      they are charged with.

26          In connection with Mr. Burns'

27      argument, the Court is certainly going to

28      read the statute to the jury prior to the

29      beginning of this trial, which will

30      include that language that Mr. Burns is

31      arguing for.

32          Further, the Court will instruct

1        this jury at the conclusion of the trial

2        as to the elements of the crime and the

3        defenses that are available and can be

4        considered.

5            So your motion to quash is denied.

6  MR. BURNS:

7            And note our objection for the

8        record, Your Honor.

9  THE COURT:

10           So noted.

11           The motions for discovery, I believe

12        those have been satisfied.  There's been

13        open file discovery in this case.

14           Is there anything else you wish to

15        say as to that, Mr. Burns?

16  MR. BURNS:

17           Yes, I do, Judge.

18           In terms of -- I'm not satisfied

19        with the State's answers to the particular

20        case before the Court.  I do acknowledge

21        that the State of Louisiana has granted me

22        open file discovery in that particular

23        matter.  Again, I'd ask the Court to,

24        again, look to the statute in making your

25        decision.  It says that the exploitation

26        is by means -- and the State of Louisiana

27        said it -- by means of fraudulent conduct,

28        practices, or representations.  I asked in

29        a bill of particulars for the State of

30        Louisiana to give me a factual basis for

31        fraud, fraudulent conduct.  Give me the

32        factual basis, time, date, and place that

1     my clients committed fraud.  I've asked
2     them -- and I've even given them a chart
3     to outline:  They committed fraud on this
4     date, to this piece of asset, this piece
5     of asset, as it relates to our practice.
6     Please give me a factual basis by a
7     discovery device, please give me a time,
8     date, and place that my clients did a
9     practice that would amount to
10    exploitation, to each and every asset that
11    they said they did.  I also asked them to
12    provide me in open file -- outside of open
13    file discovery, but by a bill of
14    particulars, please give me any
15    representation, time, date, and place
16    that -- and what is the representation
17    that my clients made that would constitute
18    an exploitation of the supposed victim in
19    this particular case.  I am still wanting
20    that type of information from the State in
21    the form of formal answers to discovery.
22    What is the fraudulent conduct of my
23    client?  What is the practice and what is
24    the representation that my clients made, a
25    factual basis?  That's what I'm asking
26    for.  It's not been provided to me.
27  MR. BLAKE:
28        Again, that argument has no merit.
29    Every Circuit Court in the state has held,
30    including the First Circuit, Your Honor,
31    that open file discovery obviates the need
32    for a bill of particulars.  Furthermore,

1    the Louisiana Supreme Court has held, in
2    *State versus Hughes,* Your Honer, that a
3    bill of particulars cannot be used, Your
4    Honer, to -- that is, to find out exactly
5    how the State intends to prove its case.
6    The law requires me to provide them with
7    the information that I choose to rely on
8    to prove my case.  But I do not have to
9    answer that in the manner in which he
10   suggests.  So that argument has no merit,
11   Your Honer.
12 THE COURT:
13          And I agree.  That's absolutely
14   correct, Mr. Burns.  Mr. Blake is right on
15   point.  They do not have to answer your
16   bill of particulars.  You were satisfied
17   with open file discovery.  It's done.
18 MR. BURNS:
19          Again, note my objection for the
20   record.
21 THE COURT:
22          Sure.
23 MR. BURNS:
24          Thank you very much.
25 THE COURT:
26          Now we have the motion to exclude
27   testimony from Sidney Dobronich.  I think
28   we've had a discussion about that in
29   chambers.  And there was an agreement that
30   there would be no testimony from Sidney
31   Dobronich, as Mr. Dobronich has been
32   declared incompetent.

```
 1              Is that correct?
 2     MR. BLAKE:
 3              That is correct, Your Honer.
 4     MR. BURNS:
 5              That is correct, if that's a
 6          stipulation that he is not going to
 7          testify in the court proceeding.
 8     THE COURT:
 9              I believe that's what Mr. Blake has
10          indicated.
11     MR. BURNS:
12              All right, Judge.  There are, I
13          believe, two other matters associated with
14          that particular motion that I'm bringing.
15          The first one -- and, again, I think that
16          we've resolved this in the back, is that
17          the State would want to have used a -- any
18          testimony in a civil case dealing with
19          Mr. Dobronich took the stand and at that
20          point was declared incompetent in a civil
21          matter.  The State had suggested to me,
22          and I think in their pleadings, that they
23          would want to use this transcript in this
24          court.  And I believe that we have come to
25          the understanding, by way of stipulation,
26          that whatever is contained in this
27          transcript would not be used in the
28          criminal case.
29              Is that correct, sir?
30     MR. BLAKE:
31              His testimony would not be used.
32     MR. BURNS:
```

1          His testimony, that's correct.

2     MR. BLAKE:

3          Yeah, that's what we said back

4     there.

5     THE COURT:

6          That's correct.  So that's the

7     stipulation.  So that satisfies that.

8     MR. BURNS:

9          Yes, it does.

10         The next one associated with the

11    supposed victim in the case is -- and I've

12    asked that he be excluded from the

13    courtroom and use some other vehicle, such

14    as Skype or a video camera, and he could

15    be next door.

16         The purpose for that exclusion is,

17    is that the only thing the State would

18    intend to do -- if the man is incompetent

19    and they wheel him in here in a wheelchair

20    and put a blanket over him and sit him

21    next to the State's table, all that

22    they're going to do is nontestimonial

23    evidence that is led to believe that the

24    jury there would be sympathy -- give

25    sympathy to the State against my

26    particular clients.  And there are other

27    ways to do that.  And so we're asking that

28    there be an alternative means, whether it

29    be by Skype or by video camera, that he be

30    excluded for the purposes of not evoking,

31    evoking sympathy, prejudice, and public

32    opinion.

```
 1        MR. BLAKE:
 2                Again, Your Honor, that motion
 3        should be denied.  Article 1, Section 25
 4        of the Constitution of Louisiana states
 5        that victims have the right to be present
 6        at all critical stages of the proceedings.
 7        Also, Article 615 of the Code of Evidence,
 8        actually, at Subsection B, allows for
 9        victims to be present during the trial,
10        Your Honor.
11                So, once again, Mr. Burns has cited
12        no case law whatsoever that supports his
13        argument.  That motion, that argument
14        should be denied.
15        MR. BURNS:
16                Judge --
17        THE COURT:
18                No.  That motion is denied.
19                Now, Mr. Dobronich cannot assist the
20        State in the presentation of their case
21        because he is incompetent, so he will not
22        be sitting at the counsel table.  But he
23        is allowed to come into the courtroom.
24        MR. BURNS:
25                Thank you very much.  Please note
26        our objection for the record.
27        THE COURT:
28                So noted.
29                And then, finally, we have a Motion
30        to Suppress, which I believe addresses
31        statements of witnesses that have been
32        recorded.  And it's my understanding that
```

1    the State has agreed that they are not

2    going to submit those audio statements of

3    these witnesses in connection with this

4    prosecution, that the testimony would be

5    presented by witnesses, as decided by the

6    State, live in the courtroom.

7    MR. BLAKE:

8         Well, Judge, yes.  Basically, the

9    recorded interviews, Items 3, 4, and 5,

10   Your Honor, those are -- we are going to

11   present live testimony.  There is a phone

12   call between two witnesses, Your Honor.

13   Obviously, the same deal with that.  We're

14   going to present testimony of that.  There

15   is a recorded phone conversation between

16   one of the defendants that's actually

17   listed in Mr. Burns' motion.  Now, that,

18   we do intend to offer into evidence, Your

19   Honor.  And that is a party admission.

20   THE COURT:

21        Yes.

22   MR. BURNS:

23        We do understand that, Judge.

24   THE COURT:

25        Okay.  Fine.  So that satisfies that

26   motion.

27   MR. BURNS:

28        That's correct.

29   THE COURT:

30        Very good.  Then I believe that

31   takes care of all our motions.

32   MR. BURNS:

```
 1              I don't think so, Judge.  There's
 2     one more.  I apologize to the Court.
 3              The State has -- I'm looking on the
 4     thing, here, there is the State's Motion
 5     for Discovery.
 6  THE COURT:
 7              Yes, there sure is.  I missed that.
 8  MR. BURNS:
 9              Go ahead, sir.
10  MR. BLAKE:
11              Have you provided me with the
12     responses?
13  MR. BURNS:
14              I've sent you a written response.
15     But I want to do it on the record, to show
16     to you.  I think I mailed that to you.
17     But let me just --
18  MR. BLAKE:
19              Again, you might have.  I'm not
20     saying you didn't..
21  THE COURT:
22              Make your report as to what you
23     provided to the State.
24  MR. BURNS:
25              Yes, Judge.  What I've provided to
26     the State is that obviously all of the
27     material that they gave to me is I'm going
28     to use a lot of that in my defense of the
29     case.  So I'm giving you your own open
30     file discovery back of what I intend to
31     use out of your file.
32              No. 2, Judge, I have said to
```

```
 1          Mr. Blake, here, my other discovery for
 2     him is open file discovery.  I asked him
 3     to look at the proceeding Forest Dobronich
 4     versus Thibodeaux, 2013-11784.  Whatever
 5     documents are contained in that record
 6     downstairs I intend to use.  And I realize
 7     that -- I expect to provide some pictures
 8     and other third party sources of
 9     documents -- that I have an ongoing
10     obligation to provide to him prior to
11     trial.
12  MR. BLAKE:
13          Well, Your Honor, actually, my
14     motions for discovery actually is outlined
15     specifically in the order of 724, et seq,
16     in the Code of Criminal Procedure.  I'm
17     not sure if that response actually
18     comports with that either yea or nay.
19     That's fine if he doesn't have what say
20     I'm entitled to, that's fine.  But I would
21     prefer an answer, Your Honer, so that way
22     I would be in a position to where if
23     something gets introduced by him that's
24     improper, that I'll be able to respond to
25     that during the trial.
26  MR. BURNS:
27          Yeah, I have an ongoing obligation.
28     What I've said to him, Judge, is the same
29     thing that he said to me.  Please go look
30     at the civil case.  And he has done that,
31     let me say that.  And there are documents
32     in there that I might use in that.  And so
```

13

```
 1          he can have open file discovery from the
 2          civil case, just like I have open file
 3          discovery from his file.  And that's what
 4          I intend to use in my defense of the case.
 5              But I also said there are other --
 6          two other things that I don't have that I
 7          intend to introduce, probably some
 8          pictures, and also in terms of legal --
 9          civil legal authority dealing with
10          competency, powers of attorney, and those
11          type of things that I will glean out of
12          3rd -- rather than the So. 2d series, out
13          of material that everybody uses every day
14          dealing with competency, et cetera, which
15          I'll provide to them at the appropriate
16          time.  I'm still digesting the large
17          amount of material that I will be
18          providing in a defense.
19    THE COURT:
20              All right.  Mr. Burns, 724 requires
21          that you produce any evidence that you
22          intend to use at trial.
23              Exhibits.  You complied with that?
24    MR. BURNS:
25              I am going to comply with that.
26          However, I would say, again, is that
27          anything in the civil case is, I intend to
28          use.
29    THE COURT:
30              So you are on notice as to that,
31          whatever documents are in the civil case
32          he may use in this.
```

```
 1        MR. BLAKE:
 2              Okay.
 3        THE COURT:
 4              And then also you said you have some
 5        photographs.
 6        MR. BURNS:
 7              And I owe him that.
 8        THE COURT:
 9              When will you provide those to
10        Mr. Blake?
11        MR. BURNS:
12              I will do that, yes, sir.
13        THE COURT:
14              When?
15        MR. BURNS:
16              Let me say my client has not gotten
17        those to me yet.  So, again --
18        THE COURT:
19              Ten days.
20        MR. BURNS:
21              I'm not going to be able to comply
22        with ten days, but I will work it with
23        him.
24              And, Judge, again, as a question,
25        this is a very voluminous case.  And I'm
26        thinking that he will have -- again, I'm
27        thinking a trial date that we've talked
28        about on several occasions is, I believe
29        I'll be ready to defend the case
30        adequately in the February term and not
31        sooner.  He will have it --
32        THE COURT:
```

```
 1            How much time do you need to provide

 2       these documents?  Are you asking for a

 3       motion -- you wish to continue the case

 4       until February?

 5   MR. BURNS:

 6            That is correct, Your Honor.

 7   THE COURT:

 8            Now --

 9   MR. BURNS:

10            And I will have him that stuff by

11       January 15th.

12   THE COURT:

13            Okay.  Now, any defenses based on

14       mental conditions in this case?

15   MR. BURNS:

16            Of my clients?

17   THE COURT:

18            Yes.

19   MR. BURNS:

20            None.

21   THE COURT:

22            Any alibis you intend to --

23   MR. BURNS:

24            None.

25   THE COURT:

26            Any examinations or tests that have

27       been done in connection with this case?

28   MR. BURNS:

29            As it relates to my clients, no.

30       However, just to be fair, in terms of I

31       intend to -- although I think you do, too,

32       intend to subpoena Dr. Verrett (assumed
```

16

```
 1          spelling) in this particular case.
 2          Dr. Verret is the doctor who examined the
 3          victim in this case and has declared him
 4          to have dementia.
 5     THE COURT:
 6               Are you satisfied, Mr. Blake?
 7     MR. BLAKE:
 8               Satisfied, Judge.
 9     THE COURT:
10               Thank you.  So we will continue this
11          date until our February term.
12     MR. BLAKE:
13               What date would that be, Judge?
14     THE CLERK:
15               February 24th.  The pretrial would
16          be February 6th.
17
18
19               * * * * * * * *
20
21
22
23
24
25
26
27
28
29
30
31
32
```

17

```
1                    REPORTER'S CERTIFICATE
2         This certificate is valid only for a transcript
3    accompanied by my original signature and original
4    required seal on this page.
5         I, Mary Broom Gressaffa, Official Court
6    Reporter, in and for the State of Louisiana, employed
7    as an official court reporter by the Twenty-Second
8    Judicial Court for the State of Louisiana, as the
9    officer before whom this testimony was taken, do
10   hereby certify that this testimony was reported by me
11   in the stenotype reporting method, was prepared and
12   transcribed by me or under my direction and
13   supervision, and is a true and correct transcript to
14   the best of my ability and understanding, that the
15   transcript has been prepared in compliance with
16   transcript format guidelines required by statute or
17   by rules of the board or by the Supreme Court of
18   Louisiana, and that I am not related to counsel or to
19   the parties herein nor am I otherwise interested in
20   the outcome of this matter.
21
22
23        _____
          Mary Broom Gressaffa, RPR, CCR
          Certified Court Reporter
          Certificate No. 93016
24
25                 CERTIFICATE OF FILING
26        I hereby certify that the foregoing transcript
27   has been submitted to the Clerk of Court's Office for
28   filing into the record on the _____ day of
29   _____, 2014.
30
31        _____
          Mary Broom Gressaffa, RPR, CCR
          Certified Court Reporter
32
```

18

1    STATE OF LOUISIANA               22ND JUDICIAL DISTRICT COURT

2    VERSUS NO. 538643                PARISH OF ST. TAMMANY

3    CALVIN R. THIBODAUX

4    DARNAY LYNN THIBODAUX            STATE OF LOUISIANA

5

6

7                    TRANSCRIPT OF PROCEEDINGS TAKEN

8                        IN OPEN COURT ON THE

9                    17TH DAY OF DECEMBER, 2014,

10                   JUDGE RICHARD SWARTZ, PRESIDING.

11

12

13   APPEARANCES:         Mr. Jonathan Blake

14                           Asst. Attorney General

15

16                        Mr. Claiborne W. Brown

17                        Mr. Roy K. Burns, Jr.

18                           Attorneys for Defendants

19

20

21

22

23

24

25

26

27

28

29

30

31   REPORTED BY:                 Oncita H. Graham, CCR

32                                Deputy Official Court Reporter

                              1

SCANNED
FEB 2 3 2015

1   THE COURT:

2           We are on the record in docket number 538643, State of Louisiana versus

3           Calvin Thibodaux and Darnay Thibodaux.   Counsel, make your appearances.

4   MR. BLAKE:

5           May it please the court, Jon Blake on behalf of the Attorney General's

6           Office, State of Louisiana.

7   MR. BURNS:

8           May it please the court, Roy K. Burns, Jr. and Claiborne Brown on behalf

9           of Darnay Thibodaux and Calvin Thibodaux, who are present in court at this time.

10          Judge, only subject to an agreement between the State of Louisiana and the

11          defendants at this time, which part of that agreement for the record is that the

12          State of Louisiana through the Attorney General's Office agrees not to habitual

13          offend Ms. Darnay Thibodaux in connection after this plea.  At this time both of

14          these defendants, Judge, only subject to that plea agreement between the state and

15          the defendants, enter a plea of guilty as charged, Judge.  They withdraw their

16          former pleas of not guilty and tender pleas of guilty.

17  THE COURT:

18          All right.  It's my understanding that we have a confirmed sentence in the

19          matter of Calvin Thibodaux and we are going to order a presentence investigation

20          in the matter of Darnay Thibodaux; is that correct?

21  MR. BLAKE:

22          That is correct, Judge.

23  THE COURT:

24          Correct, counsel?

25  MR. BURNS:

26          That is correct, Your Honor.

27  THE COURT:

28          Okay.  Swear the defendants, please.

29          MR. CALVIN R. THIBODAUX AND MS. DARNAY THIBODAUX

30                  ARE DULY SWORN.

31  THE COURT:

32          All right.  I need each of you to speak up loudly and clearly, because this

SCANNED

FEB 2 3 2015

1       lady in front of us takes down your responses.  Beginning with, well, let's, Mr.

2       Thibodaux, give me my full name, age, address and highest level of education,

3       please.

4    MR. CALVIN R. THIBODAUX:

5                       Twelfth grade.  Calvin R. Thibodaux, Jr.

6    THE COURT:

7                       And how old are you, sir?

8    MR. CALVIN R. THIBODAUX:

9                       Forty six.

10   THE COURT:

11                      And where do you live?

12   MR. CALVIN R. THIBODAUX:

13                      I live in Washington Parish now.

14   THE COURT:

15                      Ms. Thibodaux, same information.

16   MS. DARNAY LYNN THIBODAUX:

17                      Darnay Thibodaux.  I'm forty five and I live in Lacombe, Louisiana.

18   THE COURT:

19                      All right.  Then how far did you go in school, ma'am?

20   MS. DARNAY LYNN THIBODAUX:

21                      Ninth grade.

22   THE COURT:

23                      Can both of you read, write and understand the English language?

24   MR. CALVIN R. THIBODAUX:

25                      Yes, sir.

26   MS. DARNAY LYNN THIBODAUX:

27                      Yes, sir.

28   THE COURT:

29                      As you stand there today, are either one of you under the influence of any

30       drugs, alcohol or other mind-altering substance?

31   MR. CALVIN R. THIBODAUX:

32                      No, sir.

3

SCANNED

FEB 2 3 2015

1   MS. DARNAY LYNN THIBODAUX:

2           No.

3   THE COURT:

4           Before I can accept your guilty pleas here today, I have to advise you of

5           the nature of the charges against you, certain consequences of your plea and your

6           constitutional rights.  I will begin that process by reading to you the definition of

7           the crime with which you are charged and the possible penalty that you could

8           receive.

9           It's found in Revised Statute 14:93.4.  Exploitation of the infirmed is the

10          intentional expenditure, diminution or use by any person, including a care giver,

11          of the property or assets of the infirmed, a disabled adult, an aged person, without

12          the express voluntary consent of the person or the consent of a legally authorized

13          representative of an incompetent resident or person, or by means of fraudulent

14          conduct, practices or representations.  The use of an infirmed person or aged

15          person or disabled adult's Power of Attorney for one's own profit or advantage by

16          means of fraudulent conduct, practices or representations is a violation, also.   Do

17          you understand the definition?

18   MR. CALVIN R. THIBODAUX:

19          Yes, sir.

20   MS. DARNAY LYNN THIBODAUX:

21          Yes, sir.

22   THE COURT:

23          Possible penalty: You can be fined up to $10,000 or imprisoned with or

24          without hard labor for not more than ten years, or both.  Do you understand?

25   MR. CALVIN R. THIBODAUX:

26          Yes, sir.

27   MS. DARNAY LYNN THIBODAUX:

28          Yes, sir.

29   THE COURT:

30          You have certain constitutional rights.  You have the right to hire a lawyer

31          of your choice to represent you. If you cannot afford to hire one, one would be

32          appointed to represent you without charge. As you stand there today, you are

4

1    represented by retained counsel, Mr. Brown and Mr. Burns.  Is that correct?

2 MR. CALVIN R. THIBODAUX:

3    Yes, sir.

4 MS. DARNAY LYNN THIBODAUX:

5    Yes, sir.

6 THE COURT:

7    You have the right to go to trial on these charges in open court with or

8    without a jury.  In fact, in this case we have began that trial.  At that trial you

9    would have the right to confront the witnesses who accuse you of having

10    committed the crime.  The state would be required to prove each and every

11    element of the crime beyond a reasonable doubt.  You would have the right to

12    subpoena witnesses to testify in your behalf.  You would have the right to invoke

13    the privilege against self incrimination and remain silent.  Do you understand that

14    you have a right to go to trial on these charges?

15 MR. CALVIN R. THIBODAUX:

16    Yes, sir.

17 MS. DARNAY LYNN THIBODAUX:

18    Yes, sir.

19 THE COURT:

20    Do you understand those other rights I've just advised you of that are

21    associated with that right to trial?

22 MR. CALVIN R. THIBODAUX:

23    Yes, sir.

24 MS. DARNAY LYNN THIBODAUX:

25    Yes, sir.

26 THE COURT:

27    If you would be convicted at a trial, you would have the right to appeal

28    your conviction to the First Circuit Court of Appeal, from there to Louisiana

29    Supreme Court, possibly from there to the United States federal courts.  In

30    connection with those appellate proceedings, if you cannot afford to hire a lawyer,

31    one would be appointed for you.  Do you understand your appellate rights?

32 MR. CALVIN R. THIBODAUX:

1             Yes, sir.

2   MS. DARNAY LYNN THIBODAUX:

3             Yes, sir.

4   THE COURT:

5             By pleading guilty, you admit that you have committed the crimes with

6          which you are charged and you waive or give up those constitutional rights that

7          we have just discussed.   Do you understand that by entering these pleas here

8          today, there will be no further proceedings of any kind in these matters?

9   MR. CALVIN R. THIBODAUX:

10            Yes, sir.

11   MS. DARNAY LYNN THIBODAUX:

12            Yes, sir.

13   THE COURT:

14           Do you wish to waive your constitutional rights and plead guilty because

15         you have in truth and in fact committed the crime with which you are charged?

16   MR. CALVIN R. THIBODAUX:

17            Yes, sir.

18   MS. DARNAY LYNN THIBODAUX:

19            Yes, sir.

20   THE COURT:

21           Has anyone forced or coerced you to plead guilty?

22   MR. CALVIN R. THIBODAUX:

23            No, sir.

24   MS. DARNAY LYNN THIBODAUX:

25            No, sir.

26   THE COURT:

27           Has anyone promised you anything in exchange for your guilty plea other

28         than a possible sentence agreement in the matter of Mr. Calvin Thibodaux and the

29         fact that the court will order a presentence investigation in the case of Darnay

30         Thibodaux?  Any other promises?

31   MR. CALVIN R. THIBODAUX:

32           No, sir.

1   THE COURT:

2              Ma'am?

3   MS. DARNAY LYNN THIBODAUX:

4              (Defendant shakes her head.)

5   THE COURT:

6              No.  The court understands your willingness to plead guilty results from

7         discussions between the district attorney, the court and your attorney.  In the case

8         of Mr. Calvin Thibodaux the plea agreement will be disclosed when I impose

9         your sentence and if it is not in accordance with your understanding, you will be

10        allowed to withdraw your plea of guilty at that time.  Do you understand, Mr.

11        Thibodaux?

12  MR. CALVIN R. THIBODAUX:

13             Yes, sir.

14  THE COURT:

15             All right.  In the case of Ms. Darnay Thibodaux, there is no commitment

16        as to a sentence in this case.  The court will determine this sentence in accordance

17        with the law and the results of the presentence investigation, taking in all of the

18        factors that are involved under Code of Criminal Procedure Article 894.  Do you

19        understand?  894.1 actually.  Do you understand, ma'am?

20  MS. DARNAY LYNN THIBODAUX:

21             Yes, sir.

22  THE COURT:

23             All right.  Are you satisfied with the work of your attorney?

24  MR. CALVIN R. THIBODAUX:

25             Yes, sir.

26  MS. DARNAY LYNN THIBODAUX:

27             Yes, sir.

28  THE COURT:

29             Did  your attorney explain to you your constitutional rights and the

30        consequences of your guilty plea?

31  MR. CALVIN R. THIBODAUX:

32             Yes, sir.

7

1   MS. DARNAY LYNN THIBODAUX:

2                Yes, sir.

3   THE COURT:

4                Counsel, are you satisfied that your clients are entering knowing,

5           intelligent and voluntary pleas of guilty?

6   MR. BURNS:

7                Roy Burns on behalf of these defendants, yes, Your Honor, I am.

8   MR. BROWN:

9                I'm Claiborne Brown on behalf the defendants.   Yes, I am.

10  THE COURT:

11               Mr. and Mrs. Thibodaux, as noted earlier, this is docket number 538643.

12          You are charged in the bill of information with Count One, exploitation of the

13          infirmed or aged person between the dates of February 13, 2013, and April 5th of

14          2013.  How do you plead, Mr. Thibodaux?

15  MR. BURNS:

16               When you say that, Ms. Thibodaux - but how do you plead to that?

17  MR. CALVIN R. THIBODAUX:

18               Guilty.

19  THE COURT:

20               All right, and Ms. Thibodaux?

21  MS. DARNAY LYNN THIBODAUX:

22               Guilty.

23  THE COURT:

24               All right.  And then in Count Two you're charged with the use of a Power

25          of Attorney to exploit the infirmed or disabled aged person between the same

26          dates.  How do you plead, Mr. Thibodaux?

27  MR. CALVIN R. THIBODAUX:

28               Guilty.

29  THE COURT:

30               And Ms. Thibodaux?

31  MS. DARNAY LYNN THIBODAUX:

32               Guilty.

8

1   THE COURT:

2           The court has reviewed the record of these matters, discussed same with

3       counsel for the state and each of the defendants.   The court finds that these

4       defendants understand the nature of the charges against them, there is a factual

5       basis for the plea, the plea is being made freely and voluntarily.  I note - do we

6       have the forms completed yet, Mr. Burns?

7   MR. BURNS:

8           Judge, on behalf of Mr. Calvin Thibodaux, his waiver of constitutional

9       rights, plea of guilty, his waiver of rights is filed into the record at this moment.

10      I'll have Ms. Thibodaux do hers.

11  THE COURT:

12          That' fine.  So Mr. Thibodaux, you've completed this form?  Well, we

13      need some initials on it.  Did you go over this form, Mr. Thibodaux?

14  MR. CALVIN R. THIBODAUX:

15          Yes, sir.

16  THE COURT:

17          Did you understand it?

18  MR. CALVIN R. THIBODAUX:

19          Yes, sir.

20  THE COURT:

21          Do you have any questions about it?

22  MR. CALVIN R. THIBODAUX:

23          No, sir.

24  THE COURT:

25          Get Mr. Thibodaux to initial that.

26  MR. BURNS:

27          Right.

28  THE COURT:

29          And then I will talk to Ms. Thibodaux in a moment about her form, since I

30      will not be sentencing her at this time.

31          I'm going to accept Mr. Calvin Thibodaux's plea.  Mr. Thibodaux, the

32      court at this time, you being present in open court with your retained counsel,

9

1    having earlier stated that you were forty six years of age, having withdrawn your

2    previously-entered plea of not guilty, having been adjudicated guilty today of two

3    felony offenses, he is hereby sentenced to serve five years with the Department of

4    Corrections on each. I suspend those sentences, place him on five years

5    supervised probation. Special conditions of his probation: He is to pay a fine of

6    $1,000 and costs, perform fifteen eight hour days of court-approved community

7    service activities. He is to reimburse the State of Louisiana for the sum of $5,700

8    for expert fees incurred in connection with this case and proceeding. And further,

9    he will make restitution to the victim of his offense as to be determined by the

10   Department of Probation and Parole and possibly by this court during a restitution

11   hearing. Do you understand your sentence, Mr. Thibodaux?

12   MR. CALVIN R. THIBODAUX:

13       Yes, thank you.

14   THE COURT:

15       I give Mr. Thibodaux credit for time served subsequent to his arrest on

16   these charges.

17   MR. CALVIN R. THIBODAUX:

18       Is it concurrent, Judge?

19   THE COURT:

20       Yes, it is concurrent. And I notify you under Code of Criminal Procedure

21   Article 930.8 that you have two years from the time your sentence becomes final

22   to file for post conviction relief. The court will retain jurisdiction in this matter

23   under Code of Criminal Procedure Article 881.1 to reconsider your sentence at

24   any time in the future.

25       Further, while you are on probation, you will be subject to administrative

26   sanctions, if necessary, to be imposed by the Department of Probation and Parole

27   under Code of Criminal Procedure Article 899.1. Since you are going on

28   probation, Mr. Thibodaux, there are certain conditions of probation you must

29   comply with that are set forth in Code of Criminal Procedure Article 895. You

30   must refrain from criminal conduct, specifically the violation of any state, federal,

31   local or municipal law; support your legal dependents to the best of your ability;

32   report to your probation officer as directed; permit the probation officer to visit

10

1   you at home or elsewhere; devote yourself to an occupation approved by your

2   probation officer; refrain from owning or possessing firearms or other dangerous

3   weapons; make reasonable reparation or restitution to any aggrieved party for the

4   damage or loss caused by your offense; refrain from frequenting unlawful or

5   disreputable places or consorting with disreputable persons; remain within the

6   jurisdiction of the court; get permission of the probation officer before any change

7   in your address or employment; make a full and truthful report at the end of each

8   month to your probation officer; pay your monthly probation supervision fee.

9   Failure to comply with those conditions of probation may cause your probation to

10   be revoked, and during your period of probation you are subject to arrest by the

11   probation officer, either with or without a warrant, for the purpose of returning

12   you to the court for further disposition.   Do you understand those conditions of

13   probation?

14   MR. CALVIN R. THIBODAUX:

15   Yes, sir.

16   THE COURT:

17   Any questions?

18   MR. CALVIN R. THIBODAUX:

19   No, sir.

20   THE COURT:

21   Any questions about anything that has gone on here today, Mr.

22   Thibodaux?

23   MR. CALVIN R. THIBODAUX:

24   No, sir.

25   THE COURT:

26   All right.  Good luck to you, sir.  Now do you still need to go over the

27   rights form with Ms. Thibodaux?

28   MR. BURNS:

29   I do, Your Honor.

30   THE COURT:

31   All right.   Would you please do that and then we will finish her up.

32   MR. BURNS:

11

1     All right.

2     (PAUSE.)

3 MR. BURNS:

4     Judge, at this time I would like to file into the record a plea of guilty and

5    waiver of rights form signed by Ms. Darnay Thibodaux today in open court.

6 THE COURT:

7     Ms. Thibodaux, did you understand the form?

8 MS. DARNAY LYNN THIBODAUX:

9     Yes, sir.

10 THE COURT:

11     Do you have any questions about it?

12 MS. DARNAY LYNN THIBODAUX:

13     No, sir.

14 THE COURT:

15     And this form does have Ms. Thibodaux's initials and signature on it; is

16    that correct, ma'am?

17 MS. DARNAY LYNN THIBODAUX:

18     Yes, sir.

19 THE COURT:

20     The court accepts your guilty plea.   The court is going to defer sentencing

21    on this matter until January 29th.   We will set sentencing for that date.   The court

22    does order a presentence investigation concerning Ms. Thibodaux and further

23    directs the state, should there be any victim impact statements that need to be

24    made, that will be on that date.

25 MR. BLAKE:

26     Yes, sir.

27 THE COURT:

28     Anything else, counsel?

29 MR. BROWN:

30     Nothing for the defense, Judge.

31 THE COURT:

32     Thank you very much.   Give the defendant credit for time served.   It is

SCANNED

FEB 2 3 2015

1    automatic.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30                              Oneita H. Graham, CCR

31                              Deputy Official Court Reporter

32

SCANNED

FEB 2 3 2015

1    <u>COURT REPORTER'S CERTIFICATE</u>

2

3        This certification is valid only for a transcript accompanied by my original

4    signature and original required seal on this page.

5        I, Oneita H. Graham, Deputy Official Court Reporter, in and for the State of

6    Louisiana, employed as a Deputy Official Court Reporter by the Twenty Second Judicial District

7    Court for the State of Louisiana, as the officer before whom this testimony was taken, do hereby

8    certify that this testimony was reported by me in the penwriter writing  method, was prepared and

9    transcribed by me or under my direction and supervision, and is a true and correct transcript to

10   the best of my ability and understanding, that the transcript has been prepared in compliance with

11   transcript format guidelines required by statute or by rules of the board or by the Supreme Court

12   of Louisiana, and that I am not related to counsel or to the parties herein, nor am I otherwise

13   interested in the outcome of this matter.

14

15                          *Oneita H. Graham*

16                      Oneita H. Graham, CCR

17                      Certified Court Reporter

18                      Certificate No. 87190

19

20                  <u>CERTIFICATE OF FILING</u>

21        I hereby certify that the foregoing transcript has been submitted to the Clerk of

22   Court's Office for the Parish of St. Tammany  for filing into the record on the ___12th___

23   day of February,  2015.

24

25                          *Oneita H. Graham*

26                      Oneita H. Graham, CCR

27                      Certified Court Reporter

28

29

30

31

32

                            14

**SCANNED**

FEB 2 3 2015

```
 1              TWENTY-SECOND JUDICIAL DISTRICT COURT

 2                   PARISH OF ST. TAMMANY

 3                     STATE OF LOUISIANA                    FILED

 4                                                        FEB 1 9 2015

 5                                                    MALI... ... ...-CLERK
                                                     Depu...
 6    STATE OF LOUISIANA

 7    VERSUS                    NO. 538643 - 1

 8    DARNAY THIBODAUX

 9

10

11    * * * * * * * * * * * * * * * * * * * * * * * *

12

13

14         TRANSCRIPT OF PROCEEDINGS taken before the
      Honorable Richard A. Swartz, Jr., Judge Presiding,
      Division "C", Twenty-Second Judicial District Court,
15    Parish of St. Tammany, State of Louisiana, on the
      29th day of January, 2015, in Covington, Louisiana.
16

17

18
      APPEARANCES:
19

20         JONATHAN BLAKE, ESQ.
           (STATE ATTORNEY'S OFFICE)
21

22         CLAIBORNE BROWN, ESQ.
           (ATTORNEY FOR DARNAY THIBODAUX)
23

24

25

26

27

28    REPORTED BY:

29         Mary Broom Gressaffa, RPR, CCR
           Official Court Reporter
30         Certificate No. 93016

31                              ORIGINAL

32
```

1

SCANNED
FEB 2 0 2015

EXHIBIT

12

```
 1       THE COURT:
 2                You may be seated.
 3       MR. BLAKE:
 4                The PSI.
 5       THE COURT:
 6                Yes.
 7                Madam Clerk, get the PSI, please.
 8                This is State of Louisiana versus
 9            Darnay Thibodaux and Calvin Thibodaux,
10            Docket No. 538643.
11                Counsel, make your appearances.
12       MR. BLAKE:
13                May it please the Court, John Blake,
14            on behalf of the State of Louisiana, with
15            the State's Attorney General's Office.
16       MR. BROWN:
17                Good morning, Your Honor.  Claiborne
18            Brown, on behalf of Darnay Thibodaux.
19            There's an issue, on that Calvin Thibodaux
20            has not filed a motion for withdrawal of
21            guilty plea.  It's just Ms. Thibodaux.
22       THE COURT:
23                Very good.  So we would strike that
24            matter from the docket that involves
25            Mr. Calvin Thibodaux.
26       MR. BROWN:
27                Yes, Your Honor.
28       THE COURT:
29                Ms. Darnay Thibodaux, are you ready
30            to proceed?
31       MS. DARNAY THIBODAUX:
32                Yes, sir.
```

SCANNED
FEB 2 0 2015

```
 1        MR. BROWN:

 2                Yes, Your Honor.

 3        THE COURT:

 4                We have a motion to withdraw a

 5            guilty plea and a motion to dismiss

 6            indictment.  We will proceed with that

 7            matter.

 8        MR. BROWN:

 9                At this point in time, Your Honor,

10            we would call Forrest Dobronich to the

11            stand, please.

12                (FORREST DOBRONICH, after having

13            been first duly sworn under oath, did

14            testify as follows:)

15        DIRECT EXAMINATION BY MR. BROWN:

16   Q.   Good afternoon.  I want to start with the time

17   that you --

18        THE COURT:

19                State your name and address, for the

20            record, please.

21        THE WITNESS:

22                Forest J. Dobronich, 9832 Pokai,

23            Diamondhead, Mississippi.

24        THE COURT:

25                Thank you.

26                You may proceed.

27        EXAMINATION BY MR. BROWN:

28   Q.   Do you also have an address in Chalmette,

29   Louisiana?

30   A.   Yes.

31   Q.   Okay, what is that address?

32   A.   Well, I had two addresses.  I have -- I just
```

3

SCANNED

FEB 20 2015

1  sold a house in Chalmette, 2420 Veronica.  And then
2  1013 East St. Bernard Highway, is where I work at.
3  Q.      I want to start with when you first found out
4  about these -- the issue with your uncle's finances.
5          Can you discuss that, please.
6          How did you find out about the issue with your
7  uncle's finances?
8  A.      Oh.  Oh.  We were gone -- I was planning on
9  going to the hospital.  I had called my brother.  And
10  I said: Well, we've got to get out there and
11  check -- you know, see Uncle Sidney because he's
12  having surgery -- well, my brother went and seen him
13  first.  And then he told me Uncle Sidney was having
14  surgery.  I said, well -- anyway, he had the surgery.
15  And then I think a couple of days later I was driving
16  home.  And I said maybe we better just go and check
17  on him.  So I called my brother.  And he said, yeah,
18  I'll meet you out; we'll go out there Saturday.  I
19  said, all right.  So we hung up.  And I got a call
20  from my brother Friday before we were going to the
21  hospital on Saturday.  And he told me that a
22  cousin -- not a cousin -- it's actually a
23  stepgrandson of Sidney's by the name of Craig Berdan
24  had called him and told him that there was a bunch of
25  money being taken out of Sidney's accounts by the
26  caretaker.  And he told me that on the phone that
27  night, Friday night -- we were going the next day to
28  the hospital.  I said, well, we'll find out; when we
29  get there, we'll ask him about it, you know.  So when
30  we got there, we asked him about it.  And we said,
31  Uncle Sidney, do you know of any large amounts of
32  money being taken out of your retirement accounts?

4

1  He said, no.  He said -- oh, wait a minute.  Wait a

2  minute.  Let me go back.  Let me go back.

3         Joe Ramona had called the cousin of the

4  stepgrandson, okay, who called my brother, and then

5  my brother called me.  Joe Romano is his investor,

6  who alerted the whole allegations, gone, okay.  So --

7  and then Joe Romano had left a phone number for us to

8  call him on a Saturday morning.  And when we got to

9  the hospital, we asked Uncle Sidney, do you know of

10  any large amounts of money being taken out of your

11  account by your caretaker?  And he said no.  He said

12  no.  I said, well, Joe wants to talk to you, so let's

13  get Joe on the phone.  So we got Joe on the phone.  I

14  handed the phone to Sidney.  Joe talked to him.  He

15  was on the phone for a while.  And then I think with

16  Joe -- with Sidney's permission Joe talked to me.

17  And Sidney -- after about ten minutes of talking,

18  Sidney handed me the phone.  And I said, yeah.  And

19  he says, well, Joe told me all about the different

20  transactions that were being drawn out over the past

21  two or three weeks, you know, amounts, and

22  everything.  I said okay.

23         So we left the hospital.  We stayed with Uncle

24  Sidney for a while, and then we left the hospital to

25  go check on his property.  And while we were at his

26  property, the neighbors, Ms. Thibodaux and her

27  husband, came over to see what we were doing.  And I

28  realized that these were the people that Joe Romano

29  tipped off that the allegations were going against.

30  And I kind of asked her, you know -- well, they asked

31  me what we were doing there.  And I said, well, we're

32  checking on the property and just making sure the

```
 1  house is secure and all.  We're Sidney's nephews, you
 2  know, and that.  And me and my brother were there.
 3  And they started talking, like, you know, well,
 4  Sidney gave me this property, gave me that property.
 5  I just asked her is that is for care-taking duties or
 6  what.  She said, no, it was a gift.  I said, okay.
 7  And I said, well -- then I said, you know, do you
 8  know of any large amounts of money being missing,
 9  taken out of his account the last three weeks, and
10  she said no.  I said, you sure.  She said no, I don't
11  know of any.  So okay.  And he kind of got defensive,
12  and we had -- you know, a very uncomfortable
13  situation developed between the husband and me and my
14  brother.  So we just left, you know.  We just left --
15  and, oh, before we left, I think they had said, we're
16  going to go to the hospital Monday morning to get all
17  of this straight.  Okay, well, that's fine.  We'll be
18  there Monday morning.  So when we got there Monday
19  morning the nurse was in there taking care of my
20  uncle.  He was getting ready to go to rehab.  And
21  Darnay was in there.  And when we walked in, the
22  first thing Darnay said was:  Sidney, paw-paw Sidney,
23  tell them about the trailer we're buying.  We're
24  buying the trailer.  I said, you really don't need a
25  trailer, you know.  And Sidney looked kind of
26  dumbfounded.  And I said, that's -- I said, by the
27  way, you didn't mention a trailer Saturday; you know,
28  why -- he's got his own trailer.  He lives in a
29  double-wide right next door to y'all.  You know, so,
30  anyway, that's -- I asked her, I said, you know, did
31  you take -- did you take any money out of his
32  account?  She said, no, I didn't.  I said, okay.
```

6

```
 1  Well, I said, we're going to have to go to the
 2  police.  Okay.  So we left.
 3          We went to the sheriff's office, and then we
 4  handed it to Detective Montgomery, told him what
 5  we --
 6  Q.     Let me go ahead and stop you.  A couple of
 7  things you said back there.  You mentioned a name,
 8  Craig -- is it "Berdan".
 9  A.     "Berdan".
10  Q.     How do you know Craig Berdan?
11  A.     I met Craig --- he come to my station with
12  Uncle Sidney years ago and introduced himself.  He
13  was in town.  He was a stepgrandson of Sidney's first
14  wife, Molly.  And he kept in touch with Sidney over
15  the years.
16  Q.     Were you aware of an arrangement that Sidney
17  had with Craig Berdan regarding his finances?
18          MR. BLAKE:
19                  Judge, I'm going to object at this
20              point.  I don't understand how this line
21              of questioning relates to anything
22              regarding a motion to withdraw a guilty
23              plea.
24          THE COURT:
25                  I don't either.
26          EXAMINATION BY MR. BROWN:
27  Q.     On March 28, 2013, you -- you obtained a power
28  of attorney from Sidney Dobronich; is that right?
29  A.     Yes.
30  Q.     Tell me about that.
31  A.     Through Ms. Vallejo.
32  Q.     Okay.  Tell me about that, please.
```

```
 1   A.      We arrived at the hospital and got power of
 2   attorney.
 3   Q.      You got a document that was prepared?
 4   A.      Ms. Vallejo had it, yeah, yeah.
 5           MR. BLAKE:
 6                   Again, I don't understand the
 7                   relevancy here regarding a motion to
 8                   withdraw a guilty plea.
 9           MR. BROWN:
10                   Your Honor, at this point I'm trying
11                   to establish foundation with regards to --
12                   the issue here is that Mr. Sidney -- and
13                   we believe that Mr. Sidney would have been
14                   a favorable witness but for the fact that
15                   the power of attorney was obtained and he
16                   was -- he was prevented from testifying on
17                   the Thibodauxes' behalf, essentially
18                   through the civil proceedings.  So at this
19                   point we'd like to lay that foundation in
20                   terms of that was done by the power of
21                   attorney.  So I want -- I need to explore
22                   that portion of it.
23           MR. BLAKE:
24                   Judge --
25           THE COURT:
26                   Mr. Brown, your day in court and the
27                   trial of this matter was back in December.
28                   All of this information was available to
29                   you prior to that trial date.  Now, Mr. --
30                   there was testimony from a doctor that
31                   Mr. Dobronich was not competent.  He would
32                   not have been allowed to testify in this
```

8

```
 1              court.  You couldn't have called him as a
 2              witness.  That's just the way it is.  Plus
 3              he's deceased.
 4      MR. BROWN:
 5              I understand that, Your Honor.
 6      THE COURT:
 7              So none of this is really relevant.
 8              And not only that, if you wanted to
 9      try this case, you needed to do it in
10      December before you entered a guilty plea.
11      I had a jury sitting there ready to go
12      forward.
13      MR. BROWN:
14              Yes, Your Honor.
15      THE COURT:
16              You don't get to try your case at a
17      sentencing hearing.
18      MR. BROWN:
19              Yes, Your Honor.
20      THE COURT:
21              Sustained.
22      MR. BROWN:
23              Tender the witness, Your Honor.
24      MR. BLAKE:
25              No questions Judge.
26      THE COURT:
27              Thank you, sir.  You may step down.
28      MR. BROWN:
29              At this time, Your Honor, we would
30      call Detective Montgomery.
31              (STEVEN MONTGOMERY, after having
32      been first duly sworn under oath, did
```

9

```
 1              testify as follows:)
 2         THE COURT:
 3                   State your name and address, for the
 4              record, please.
 5         THE WITNESS:
 6                   Detective Steven Montgomery,
 7              Detective, financial crimes unit,
 8              St. Tammany Parish Sheriff's Office.
 9         DIRECT EXAMINATION BY MR. BROWN:
10    Q.    Detective Montgomery, I want to start with the
11    interview that you had with Mr. Dobronich on April 2,
12    2013.  Do you recall that interview?
13    A.    Okay.  I had three separate interviews with
14    Mr. Dobronich.
15         MR. BLAKE:
16                   I'm sorry.  Which Dobronich are you
17              talking about?
18         MR. BROWN:
19                   Mr. Sidney.
20         THE WITNESS:
21                   Yes, I had three of them.  I don't
22              know the specific date, but there were
23              three done, yes.
24         EXAMINATION BY MR. BROWN:
25    Q.    And in that interview -- well, put it this
26    way:  Tell me about that interview.  Tell me what
27    happened.  I mean, tell me what he said regarding --
28    you mentioned something that he had signed.
29    A.    Well, I conducted three interviews to
30    establish that what he told me in the first
31    interview was -- he confirmed that in the second
32    interview, as the criminal case proceeded, and then
```

1  ultimately in the third interview.  Two of those were

2  recorded.  In each of those times I asked him very

3  simple questions in the beginning, which I would ask

4  anyone who would want to make sure that they were

5  aware of the statement they were giving me.  I

6  checked with the hospital to make sure he was on no

7  pain medication.  And I asked him a very simple

8  question, what's the date, the president, similar

9  questions to that, to make sure that what he was

10 telling me was, in fact, what he meant.

11       So do you have a specific question regarding

12 him signing --

13 Q.    Yes.  He mentioned to you that he recalled

14 signing something but didn't know what it was.  Do

15 you recall him saying that?

16 A.    Yes, I believe that's in there somewhere.

17 Q.    And, to your knowledge, were you aware of the

18 March 28, 2013, power of attorney that was executed

19 in the favor of George and Forrest Dobronich?

20       MR. BLAKE:

21             Judge, again, we're beating a dead

22          horse here.  He's here to try the case.

23          You've already said that I don't see how

24          this is relevant to a motion to withdraw a

25          guilty plea.  Same objection, again.

26       MR. BROWN:

27             I'll move on, Your Honor.

28       THE COURT:

29             Sustained.

30             Mr. Brown, get to the issues in your

31          motion to withdraw.  Apparently you feel

32          that your client's Constitutional rights

```
 1          were violated apparently because they
 2          couldn't -- you couldn't call
 3          Mr. Dobronich as a witness or subpoena
 4          him.
 5               Well, certainly, the State had
 6          nothing to do with that because
 7          Mr. Dobronich was deceased.  But let's go
 8          along with that.  Get to those issues.
 9     MR. BROWN:
10               Thank you, Your Honor.
11               Tender the witness, Your Honor.
12     MR. BLAKE:
13               No questions, Judge.
14     THE COURT:
15               You may step down, sir.
16               Sir.
17     MR. BROWN:
18               At this point in time, Your Honor,
19          I'll go ahead and argue the motion to
20          withdraw Ms. Thibodaux's --
21     THE COURT:
22               Do you wish to put on testimony?
23     MR. BLAKE:
24               No testimony, Judge.
25     THE COURT:
26               You may do so.
27     MR. BROWN:
28               Thank you, Your Honor.
29               And, again, this is -- it's an
30          interesting case.  And I certainly don't
31          do this lightly and wouldn't do it under
32          circumstances -- and I certainly don't
```

```
1    mean to retry the case, Your Honor.  But I
2    just -- I just want to make sure I get it
3    right.  And I want to make sure that I
4    present the Court with everything that I
5    can to make the decision because it
6    just -- it -- and maybe it's part of -- I
7    certainly take responsibility for that in
8    terms of not getting the Court all the
9    information.
10          But I would argue that, you know,
11   when you have something in terms of a
12   potential Constitutional violation, we
13   need to raise that.  And I wouldn't be
14   doing my job if I didn't at least put that
15   before the Court and have that litigated.
16          It is an interesting issue, and I've
17   attempted to brief the Court fully with
18   regards to the history of the civil matter
19   in terms of the attempts that were made to
20   try and obtain Mr. Sidney Dobronich's
21   testimony in this regard.  And the defense
22   feels that there's significant amounts of
23   evidence that would suggest that he would
24   have testified favorably in favor of the
25   Thibodauxes but for things that had
26   happened in the civil proceedings.
27          Now, again, what I need to do -- and
28   I understand that my burden is to prove to
29   the Court -- in order to convince the
30   Court that there's a Constitutional issue
31   with regards to the guilty plea, I need to
32   establish that Mr. Dobronich would have
```

13

1    provided favorable testimony.  I need to
2    establish that there were actions by
3    either the other party or the nephews to
4    prevent that testimony and that State of
5    Louisiana was involved in some way.  And
6    that's why I was going to where I'm going
7    on this, Your Honor.  The history of the
8    civil case indicates that there was a
9    substantial amount of effort made to try
10   and have Mr. Dobronich give a statement or
11   give a -- testify.  And there's evidence
12   that, in terms of getting a power of
13   attorney, an essential custody of Mr.
14   Dobronich by essentially a party to the
15   civil matter, where they prevented him
16   from testifying and then in another
17   division of court probated a will in their
18   favor that was purportedly executed during
19   the time that he was being declared
20   incompetent.
21        Now, when you take that and you look
22   at that, Your Honor, it goes to an
23   issue -- and I know it's -- I'm trying my
24   best to make the connection between the
25   compulsory process clause and Mr.
26   Dobronich's testimony.
27        Now, the law with regards to
28   compulsory process clause, it is not just
29   produce Mr. Dobronich here -- now,
30   obviously we can't do that.  But when you
31   look at the law and you look at the
32   Supreme Court jurisprudence, it goes

14

1    further than that.  You need to look at

2    the circumstances where, was there

3    favorable testimony out there and but for

4    the actions of the State of Louisiana --

5    and we believe there's a connection to

6    this -- but for those actions would Mr.

7    Dobronich have been in a position to give

8    favorable testimony.  And it's our

9    position that he would have done that.

10    It's also our position that the fact that,

11    as the Court pointed out, we can't call

12    Mr. Dobronich, he's not here to be able to

13    testify and to tell you and to tell

14    everyone else and to tell the jury, you

15    know, what happened in this case.

16    So in that respect, this can't be

17    remedied.  I mean, we're essentially in a

18    situation where, like the -- in the Texas

19    case, that you had a witness who -- you

20    know, the only witness that the accused

21    had was himself to try to explain what had

22    happened.  They had a witness who had seen

23    everything, but the statute said that the

24    witness couldn't testify because of his

25    status as a convicted felon.  Well, that's

26    a circumstance there, you know, Your

27    Honor.

28    And then there's the circumstance

29    here where we have a witness that we never

30    had a chance -- we never had a chance

31    to -- and he never had a chance to stand

32    and testify and say that, you know,

15

1    this -- you know, I authorized all this.
2    I mean, there is a question -- and I
3    understand, Your Honor, that we have a --
4    we have -- the expert opinion of
5    Dr. Garriga, we have that.  But that's --
6    it's an opinion.  And I would suggest to
7    the Court that there is enough evidence
8    there to suggest that Mr. Dobronich was
9    capable and was a favorable witness and
10   would have testified in favor of the
11   Thibodauxes had he been -- had he been
12   allowed to do so.
13        And it's that -- that is the main
14   thrust of the defense's position.  And
15   it's not the defense's intent to say
16   that -- again, we have no issue with the
17   Boykinization -- I mean, obviously, I was
18   here.  Ms. Thibodaux made a knowing and an
19   intelligent plea.  But there's a question
20   when there's the voluntariness, when there
21   is a Constitutional violation out there.
22   And, again, I understand.  I should have
23   raised it.  But if I don't raise it,
24   somebody else will.  I mean, it's there.
25   So it needs to be brought to the Court's
26   attention.  It needs to be litigated.  And
27   that's essentially what we're doing here
28   today.  I mean, that's essentially the
29   background of this motion, is to litigate
30   that Constitutional issue and ensure that
31   the Court's had a chance to examine it and
32   to rule on it so that so we have it -- so

16

```
 1          that we get this right.
 2                 And that's the argument -- and
 3          that's the defense's position on that.
 4     THE COURT:
 5                 Thank you.
 6     MR. BLAKE:
 7                 Judge, the motion should be
 8          absolutely denied.  In this case, there
 9          was absolutely no violation of compulsory
10          process.  As he indicated just a few
11          moments ago, the defendant, both her and
12          her husband, Calvin Thibodaux, were
13          properly Boykinized by the Court.  We were
14          all there.
15                 Your Honor, regarding his issue
16          bringing up the case law that he's cited,
17          again, Judge, that case involved a
18          situation where the State had a State
19          statute which stated that accomplices and
20          principals and coconspirators were not
21          allowed to testify and be called by the
22          defense to testify on behalf of the
23          defense.  That is not the case here, Your
24          Honor.  It's not the case at all.  There's
25          no state involving here, whatsoever, with
26          Mr. Dobronich's inability to testify.
27          Judge, he died.  The doctors declared he
28          was incompetent to testify.  He was
29          declared incompetent to testify, even in
30          the civil suit.  Judge, the State had no
31          point in him being declared incompetent.
32          Judge Garcia saw him, questioned him, and
```

17

1    determined, while he was testifying on

2    June 25, 2013, that he was incompetent to

3    testify, Judge.  Plain and simple.  The

4    Judge subsequently issued an order

5    declaring that he was incompetent to

6    testify.

7          Last year, December 12, 2013, there

8    was a hearing based on a motion filed by

9    Mr. Roy Burns that sought to exclude Mr.

10   Dobronich's testimony because he was

11   declared incompetent, Judge.  So that was

12   resolved that day.  Y'all agreed that he

13   was incompetent to testify.  Then they

14   want to come in here and back-door their

15   way out of the plea, Judge.  There's no

16   Constitutional violation, whatsoever.

17   Judge, the motion needs to be denied.

18          Regarding Mr. Brown's assertion that

19   Mr. Dobronich would have testified

20   favorably towards him, Judge, that's just

21   down right ridiculous.  First of all, you

22   know, he gave statements to Detective

23   Montgomery that actually opposes what Mr.

24   Brown said he would testify to.  And he

25   also gave a statement when he testified on

26   June 25, 2013, that does not

27   unequivocally, as Mr. Brown put in his

28   motion, mean that he would testify

29   unequivocally favorably towards the

30   defendants.  So the bottom line is, Judge,

31   his assertion that he would testify

32   favorable towards the defense is clearly

18

```
 1          speculation.  He's dead.  The State had
 2          nothing to do with that.  That's
 3          unfortunate.  But there is no violation of
 4          law, here.  The State was not in any way
 5          involved in Mr. Dobronich not testifying.
 6          The motion needs to be denied.
 7     THE COURT:
 8              Thank you.
 9              Anything else?
10     MR. BROWN:
11              Nothing further, Your Honor.
12     THE COURT:
13              Thank you.
14              The Court is familiar with this case
15          having began a trial in this matter,
16          listened to the testimony of Dr. Garriga.
17          The Court does believe that any testimony
18          that would have been favorable to the
19          Thibodauxes is all speculative at this
20          point; and, further, he would not have
21          been allowed to testify.  The Court
22          further finds there is no Constitutional
23          violation or infirmity in this guilty
24          plea, the plea was made freely and
25          voluntarily.  Therefore, the motion to
26          withdraw your guilty plea is denied.
27              And, further, your motion to dismiss
28          indictment would be denied also.
29              All right.  Now we come for
30          sentencing.  I don't know if anyone wishes
31          to have any type of hearing in connection
32          with the sentencing?  Anybody wish -- any
```

19

```
 1            Victim Impact Statements to be made?  Any
 2         testimony concerning the sentence?
 3    MR. BLAKE:
 4              No.  No hearing, Judge, but we will
 5         be asking for restitution as well.
 6    THE COURT:
 7              I'm aware of that.  Do the victims
 8         wish to make any statement?
 9    MR. BLAKE:
10              No, Your Honor.
11    THE COURT:
12              Mr. Brown, do you wish to present
13         any evidence?
14              Both of you have had the opportunity
15         to review the presentence investigation;
16         is that correct, Counsel?
17    MR. BLAKE:
18              That's correct Judge.
19    MR. BROWN:
20              Yes, Your Honor.
21    THE COURT:
22              So, Mr. Brown, do you wish to
23         present any evidence in addition to that
24         presentence investigation?
25    MR. BROWN:
26              Could I have just a minute, Your
27         Honor?
28    THE COURT:
29              Yes, sir.
30    MR. BROWN:
31              The defense doesn't have any
32         testimony, Your Honor.
```

20

```
1      THE COURT:
2              Do you waive any sentencing delays
3           that may be applicable since we've had
4           this hearing here today?
5      MR. BROWN:
6              Your Honor, we waive the delays.
7      THE COURT:
8              Thank you.
9           The Court has before it Ms. Darnay
10          Thibodaux, who entered a guilty plea on
11          December 17th, 2013, for a violation of
12          Revised Statute 14:93.4, exploitation of
13          the infirmed.  The codefendant, Mr. Calvin
14          Thibodaux, also entered a guilty plea on
15          that day and was sentenced that day.
16             In connection with Ms. Darnay
17          Thibodaux, a presentence investigation was
18          ordered and completed by the Department of
19          Probation and Parole.  The Court has
20          reviewed that presentence investigation
21          and further has allowed Counsel to review
22          same.  The Court further has reviewed the
23          sentencing guidelines set forth in Code of
24          Criminal Procedure Article 894.1.
25             The Court finds that the defendant
26          is in need of some correctional treatment
27          in a custodial environment; and, further,
28          that a lesser sentence would deprecate the
29          seriousness of the defendant's crime in
30          this matter.  The Court is going to
31          sentence Ms. Thibodaux to serve ten years
32          with the Department of Corrections at hard
```

21

```
 1          labor.  The Court does suspend five years
 2          of that sentence.  Upon her release from
 3          incarceration, she will serve five years
 4          of supervised probation.  That probation
 5          will begin upon her release from
 6          incarceration.  A special condition of
 7          that probation is that she makes
 8          restitution to the victims of her offense.
 9               The Court further notes under Code
10          of Criminal Procedure Article 930.8 that
11          you have two years from the time your
12          sentence becomes final to file for
13          post-conviction relief.  The Court gives
14          the defendant credit for time served.
15               Any questions?
16     MR. BLAKE:
17               Judge, it's my understanding that
18          there's about $40,000 of outstanding
19          restitution.  I just want to make sure
20          that that was put on the record.  I know
21          you mentioned restitution --
22     THE COURT:
23               Is there an agreement that that's
24          the specific amount?  40,000?
25     MR. BROWN:
26               There is no agreement, Your Honor.
27          And we would request that a restitution
28          hearing be heard and that the State be
29          held to its burden of proving restitution.
30     THE COURT:
31               There will have to be a restitution
32          hearing if there's no determination and
```

```
1            agreement between the probation department
2            and Ms. Thibodaux.
3       MR. BLAKE:
4            Okay.
5       THE COURT:
6            Thank you.
7            Wait just a minute, Counsel.  We may
8       need to clear something up.  And there
9       were two counts involved in this
10      particular matter.
11      MR. BLAKE:
12           Yes.
13      THE COURT:
14           That sentence is applicable to both
15      counts.  Those sentences do run concurrent
16      with each other.  Thank you.
17           (At this time, the Court took up
18      other matters.)
19      MR. BROWN:
20           Your Honor?
21      THE COURT:
22           Yes.
23      MR. BROWN:
24           I need to preserve my record.  I
25      just want to make sure -- I was going to
26      go back to my office and file a motion for
27      a supervisory writ.  But I just wanted to
28      make sure I got the objection on the
29      record and preserve my --
30      THE COURT:
31           Note his objection to the Court's
32      sentence and ruling.  And then you can
```

23

SCANNED

FEB 2 0 2015

1          proceed from there.

2

3

4

5                    * * * * * * * *

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

24

SCANNED
FEB 2 0 2015

1        REPORTER'S CERTIFICATE

2        This certificate is valid only for a transcript

3  accompanied by my original signature and original

4  required seal on this page.

5        I, Mary Broom Gressaffa, Official Court

6  Reporter, in and for the State of Louisiana, employed

7  as an official court reporter by the Twenty-Second

8  Judicial Court for the State of Louisiana, as the

9  officer before whom this testimony was taken, do

10  hereby certify that this testimony was reported by me

11  in the stenotype reporting method, was prepared and

12  transcribed by me or under my direction and

13  supervision, and is a true and correct transcript to

14  the best of my ability and understanding, that the

15  transcript has been prepared in compliance with

16  transcript format guidelines required by statute or

17  by rules of the board or by the Supreme Court of

18  Louisiana, and that I am not related to counsel or to

19  the parties herein nor am I otherwise interested in

20  the outcome of this matter.

21

22                    Mary Broom Gressaffa, RPR, CCR

23                    Certified Court Reporter
                       Certificate No. 93016

24

25        CERTIFICATE OF FILING

26        I hereby certify that the foregoing transcript

27  has been submitted to the Clerk of Court's Office for

28  filing into the record on the 18 day of

29  February , 2015.

30

31                    Mary Broom Gressaffa, RPR, CCR

32                    Certified Court Reporter

SCANNED

FEB 20 2015

25