UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARNAY THIBODAUX                                    CIVIL ACTION

VERSUS                                             NO. 19-2241

JON REEVES, *et al.*                               SECTION M (3)

**<u>ORDER</u>**

Having considered the petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2254, the record, the applicable law, the magistrate judge's Report and Recommendation ("R&R"),[1] and the petitioner's objections to the R&R,[2] the Court hereby overrules the petitioner's objections, approves the R&R, and adopts it as the Court's opinion in this matter.

Petitioner Darnay Thibodaux makes three objections to the R&R and one alternative request for issuance of a certificate of appealability ("COA"). First, Thibodaux objects to the magistrate judge's conclusion that the State's filing of a motion for restitution did not statutorily toll the AEDPA's one-year limitations period under 28 U.S.C. § 2244(d)(2).[3] Thibodaux argues that the State's September 21, 2015 motion for restitution constituted collateral review as defined by the United States Supreme Court in *Wall v. Kholi*[4] because at a restitution hearing "the Court, by definition would be engaging in a 'modification', 'examination' or 're-examination' of the January 29, 2015 sentence."[5] Accordingly, maintains Thibodaux, the one-year statutory limitations period was tolled upon the filing of that motion, which, when combined with the tolling

---

[1] R. Doc. 36 (including the magistrate judge's discovery order, R. Doc. 35).
[2] R. Doc. 39.
[3] *Id.* at 7.
[4] 562 U.S. 545 (2011).
[5] R. Doc. 39 at 12.

resulting from the petitioner's state filings for post-conviction relief, renders her federal habeas petition timely.[6]

In *Kholi*, having concluded that "'collateral review' of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process," 562 U.S. at 553, the Supreme Court held that a petitioner's motion for a reduction of his sentence constituted "other collateral review" for purposes of § 2244(d)(2) as to toll the AEDPA's one-year limitations period. *Id.* at 555-56. Here, the issue Thibodaux's first objection presents is whether a motion for restitution amounts to "collateral review" so as to trigger statutory tolling when the claims the petitioner asserts in her habeas petition are wholly unrelated to restitution. In line with the statute's dictates and consistent with the holdings of other courts that have addressed similar issues, this Court finds that a petitioner's motion for restitution does not toll the AEDPA's limitations period when the habeas petition does not raise a challenge to the restitution ordered by the judgment. *See* 28 U.S.C. § 2244(d)(2) (requiring post-conviction petition to pertain to the claim or judgment set forth in the habeas petition); *Howard v. Minnesota*, 2019 WL 4061998, at *3 (D. Minn. July 19, 2019) (concluding that post-conviction petition, which did not pertain to judgment challenged in federal habeas petition or any claim raised in such petition, did not toll the limitations period for the federal habeas petition), *report and recommendation adopted*, 2019 WL 4060379 (D. Minn. Aug. 28, 2019); *Westin v. Harris*, 2012 WL 2860511, at *4 (C.D. Cal. July 3, 2012) (holding that challenge to restitution order did not toll limitations period because it was not filed "with respect to the pertinent judgment or claim"), *report and recommendation adopted*, 2012 WL 2849394 (C.D. Cal. July 11, 2012); *Grace v. Giles*, 2006 WL 1663550, at *2 (M.D. Ala. June 15, 2006) (holding that a motion challenging restitution did not affect the limitations period

---

[6] *Id.* at 7, 11-12.

because it did not attack the conviction or sentence that was imposed).  None of the grounds raised in Thibodaux's habeas petition relates to or concerns restitution; instead, each ground presents a challenge to her judgment of conviction on some other basis.[7]  Therefore, the motion for restitution could not have tolled the limitations period because it did not pertain to any claim raised, or any aspect of the judgment challenged, by Thibodaux in her habeas petition.

Thibodaux's second objection is directed to the magistrate judge's conclusion that she failed to exercise the due diligence required for equitable tolling.[8]  Thibodaux argues that despite her counsel's inexperience in this area of law and his notice to her that he would not represent her in connection with any post-conviction proceedings, she (and counsel) acted diligently as she was "nevertheless able to file her petition on March 11, 2019."[9]  Thibodaux's counsel submits a declaration purporting to establish the diligence with which he acted in pursuing habeas relief on her behalf.[10]  But the question of lack of diligence is examined on the part of the petitioner, not (or, at least, not only) her counsel.  Once Thibodaux's counsel advised her of his inexperience and desire to terminate his representation of her for purposes of post-conviction proceedings, Thibodaux failed to exercise due diligence in retaining counsel who could file the habeas petition within the limitations period or in filing the petition herself.  *See Manning v. Epps*, 688 F.3d 177, 185-86 (5th Cir. 2012) (holding that equitable tolling was not warranted where prisoner, apart from

---

[7] R. Doc. 1.  Thibodaux raises four grounds for relief in her habeas petition: (1) actual innocence of all charges to which she pleaded guilty; (2) violation of due process: the petitioner's guilty plea was unconstitutionally coerced by the State's submission of false evidence and testimony pertaining to the purported victim's transactional and testimonial mental competence; (3) violation of the Compulsory Process Clause: the petitioner's guilty plea was unconstitutionally coerced by the State's false assertion that the purported victim was not mentally competent to testify on the petitioner's behalf, thereby depriving the petitioner of his favorable testimony; and (4) violation of due process: the State's false assertion during post-conviction relief proceedings that its position throughout the criminal proceedings was that the purported victim was only intermittently incompetent (that is, incompetent with "lucid intervals").

[8] R. Doc. 39 at 12.

[9] *Id.* at 14.

[10] R. Doc. 39-1.

counsel, had obligation to exercise due diligence to comply with AEDPA's statute of limitations and failed to do so); *see also Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003) (observing "that petitioners bear ultimate responsibility for their filings ... and, if necessary, [must] take matters into their own hands") (quotation marks and citation omitted).

Thibodaux's third objection concerns the magistrate judge's determination that the actual innocence exception does not apply.[11]  For this objection (and various other issues raised in her filing), the petitioner reiterates the same arguments presented to the magistrate judge, which the magistrate judge thoroughly and correctly analyzed in the R&R.  On these points, this Court adopts the analysis and conclusions set out in the R&R.

Finally, Thibodaux requests that if the Court adopts the R&R, it should issue a COA as to all the objections she asserts.[12]  In particular, Thibodaux points the Court to the supposed court split discussed by the magistrate judge concerning a specific issue of statutory tolling – namely, whether a request to reduce ordered restitution amounts to an application for collateral review under *Kholi*.[13]  However, there is no call for a COA on this question when, as discussed above, any such split is rendered irrelevant by the fact that the challenges Thibodaux makes in her habeas petition to the judgment of conviction are not directed to the ordered restitution.[14]  Therefore, for the foregoing reasons,

---

[11] R. Doc. 39 at 14-15.
[12] *Id.* at 18-19.
[13] R. Doc. 36 at 7-8 n.31.
[14] The observations made by the courts in the two cases the magistrate judge describes as "seemingly aligned with petitioner's view" constitute dicta since they were unnecessary to the holding in each instance.  As such, there is no real split of authority in the cases cited by the magistrate judge.

IT IS ORDERED that the petition of Darnay Thibodaux for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED and DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 15th day of September, 2021.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE